HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUNE ELIZABETH BROGDAN,

               Plaintiff,

    v.

STATE OF WASHINGTON,

               Defendant.

CASE NO. C16-6017-RBL

ORDER DENYING IFP STATUS
WITH LEAVE TO AMEND

DKT. #1, 7

THIS MATTER is before the Court on Plaintiff June Brogdan's Motion to Proceed *In Forma Pauperis* [Dkt. #1, 7]. Brogdan sues Defendants Washington State Department of Social and Health Services Children's Administration, the Vancouver Police Department, and the State of Washington under 42 U.S.C. § 1983 for the wrongful termination of her parental rights. She asks to proceed *in forma pauperis*, claiming she is unemployed with no savings. She resides in Clark County and depends on food and housing assistance. Brogdan asks the Court "to dismiss [her] case at the Children's Administration," to clear her record of child abuse, to restore her parental rights, and for $400,000,000 in damages. Dkt. #1 (Complaint) at 3.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad

1    discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

2    actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.

3    1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in*

4    *forma pauperis* at the outset if it appears from the face of the proposed complaint that the action

5    is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.

6    1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint

7    is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778

8    F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

9        A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it

10   must nevertheless contain factual assertions sufficient to support a facially plausible claim for

11   relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (citing

12   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). A

13   claim for relief is facially plausible when "the plaintiff pleads factual content that allows the

14   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

15   *Iqbal*, 556 U.S. at 678.

16       Brogdan has demonstrated her indigency but not a lack of frivolity. She provided the

17   Court with a letter from DSHS describing her receipt of food assistance. Her inability to pay the

18   filing fee is clear; however, the facial plausibility of her claims is less evident. Brogdan has not

19   set forth enough connection between the facts alleged and the legal basis for her claim that this

20   Court can infer how the Defendants may have contributed to the wrongful termination of her

21   parental rights in such a way that it could grant her relief. It is unclear whether Brogdan attempts

22   to assert a new, federal claim for relief, or whether she attempts to re-litigate an issue decided by

23   the state courts. She supplied a single page excerpt of the Washington State Supreme Court's

24

denial of her petition for review of an appellate court's conclusion that she had waived her right

to have counsel present during the proceedings governing her parental rights:

> **I.     INTRODUCTION**
>
> The Court should deny review because the petition fails to satisfy the criteria that the issues presented are significant constitutional issues or of substantial public interest that warrant review by this Court. Rather, this case involves the fact-specific application by the Court of Appeals of well established case law. Specifically, the Court of Appeals determined that a mother in a proceeding to terminate parental rights had waived her right to counsel through inaction or forfeiture due to her extremely dilatory conduct.
>
> This appeal involves the welfare of two children – D.D.W., a 13-year-old girl, and T.D.W., her 9-year-old brother. They were taken into protective custody in early May 2012 after D.D.W. disclosed to medical and law enforcement personnel that her mother, J.B., put a knife to her throat and threatened to kill her. J.B. then drove to a vacant field and showed both D.D.W. and T.D.W. where she planned to put their bodies. The children have been in the custody of the Department of Social and Health Services, and in foster care, for more than three years. During the resulting three-year dependency, J.B. refused to engage in recommended treatment, refused to communicate with the Department, and refused to visit her children.

*See, e.g.,* Dkt. #11, Exhibit at 2. If Brogdan wants to re-litigate or overturn a matter already decided by the state courts, a Section 1983 motion is not the proper vehicle, and this Court lacks jurisdiction. Because the Court cannot readily discern the legal basis for Brogdan's claims, and therefore its jurisdiction, Brogdan is ineligible to proceed *in forma pauperis* at this time.

Brogdan's Motion to Proceed *In Forma Pauperis* [Dkt. #1, 7] is DENIED. She shall file an amended complaint or pay the filing fee within 30 days of this Order, or her case will be DISMISSED. Any amended complaint should address the basis for this Court's jurisdiction over the claims and the parties. It should articulate the "who, what, when, where, and why" of Brogdan's claim by identifying its factual and legal basis (such as how her substantive due

1    process rights were violated in a way not already adjudicated), the measure and nature of

2    damages claimed, and the source of the legal right to those damages.

3         IT IS SO ORDERED.

4         Dated this 1st day of March, 2017.

Ronald B. Leighton
United States District Judge